T.C. Summary Opinion 2008-147

UNITED STATES TAX COURT

SAMATER ABDIKARIM AND ASHAKA H. FARAH ABDIKARIM, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 23112-06S.              Filed November 24, 2008.

Steve M. Williard, for petitioners.

Ashley P. Vaughan, for respondent.

VASQUEZ, Judge:  This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court,

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

and this opinion shall not be treated as precedent for any other case.

Background

This case is before the Court on respondent's motion to dismiss for lack of prosecution (respondent's motion). By notice of deficiency, respondent determined a deficiency of $5,404 with respect to petitioners' 2005 Federal income tax.

On November 13, 2006, petitioners invoked the jurisdiction of this Court by timely filing a petition.

By notice dated July 3, 2007, the Court set this case for trial at the Court's Houston, Texas, session beginning December 3, 2007. The notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On December 3, 2007, the Court held a hearing on petitioners' motion for continuance of trial. Petitioners, via counsel, proffered that: (1) They would be out of the country during December 2007 on account of their employment; (2) this was the first motion for continuance of trial petitioners had sought; and (3) the motion for continuance of trial was not made for the purposes of delay. Respondent did not object to petitioners' motion for continuance of trial. That same day, the Court granted the motion for continuance of trial.

By notice dated January 9, 2008, the Court set this case for trial at the Court's Houston, Texas, session beginning June 9, 2008. The notice specifically stated: "YOUR FAILURE TO APPEAR MAY RESULT IN DISMISSAL OF THE CASE AND ENTRY OF DECISION AGAINST YOU."

On June 9, 2008, respondent filed respondent's motion and the Court held a hearing on respondent's motion.

In respondent's motion, respondent averred (among other things) that:

> (1) Since the continuance petitioners have not contacted respondent, provided any additional information to respondent, or taken any action to move their case forward;
>
> (2) during the week of May 19, 2008, petitioners' counsel stated that he had not heard from his clients and did not know whether they would appear for trial; and
>
> (3) all the material allegations of fact set forth in the petition in support of the assignments of error have been denied by respondent; no issues have been raised upon which the burden of proof is upon respondent; respondent has not conceded any error assigned in the petition; and no evidence has been adduced in support of the assignments of error raised in the petition.

At the hearing, petitioners' counsel stated that his clients had been unavailable to him (i.e., they have not had contact) for about a year. Petitioners' counsel was informed that petitioners left the country to take a job in India or Pakistan. Petitioners had left their counsel no forwarding address. Petitioners'

counsel has sent certified letters to petitioners that have come back to him as returned or undeliverable.

Petitioners' counsel did not object to the granting of respondent's motion. Petitioners' counsel stated he had done everything he could to locate his clients but has been unable to locate or contact them. Petitioners' counsel attempted to contact petitioners by mail to advise them he was going to withdraw and that this case would be dismissed. This letter was returned to petitioners' counsel.

### Discussion

The Court may dismiss a case and enter a decision against a taxpayer for his failure properly to prosecute or to comply with the Rules of this Court. Rule 123(b). Rule 123(b) generally applies in situations where the taxpayer bears the burden of proof. As a general rule, the taxpayer bears the burden of proving the Commissioner's deficiency determinations incorrect. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Section 7491(a), however, provides that if a taxpayer introduces credible evidence and meets certain other prerequisites, the Commissioner shall bear the burden of proof with respect to factual issues relating to the liability of the taxpayer for a tax imposed under subtitle A or B of the Internal Revenue Code.

Petitioners failed to appear in person, and no evidence was introduced on their behalf by counsel. Therefore, we conclude

that the burden of proof regarding the deficiency is not placed on respondent pursuant to section 7491(a).  Accordingly, we sustain respondent's deficiency determination.

To reflect the foregoing,

<u>An appropriate order of dismissal and decision will be entered</u>.